# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. MOSLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-01654-MTS |
| COLLIN L. CHEN, MD, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Collin L. Chen's Motion to Dismiss, Doc. [13], for failure to file an affidavit as required by Missouri Revised Statutes § 538.225. Plaintiff Michael B. Mosley has filed his Response in Opposition. Doc. [19]. For the reasons that follow, the Court will grant Defendant's motion and dismiss this action without prejudice.

\*

Plaintiff Michael Mosley, pro se, filed this medical negligence action on December 04, 2024, against Defendant Collin Chen. The Court granted Plaintiff leave to proceed in this matter *in forma pauperis* on February 06, 2025. Accordingly, the Clerk of Court issued process upon Plaintiff's Complaint, and Defendant was served on February 24, 2025. Soon after, on March 07, 2025, Defendant filed a Motion to Dismiss pursuant to Missouri Revised Statutes § 538.225, which requires plaintiffs in medical negligence actions to file an Affidavit of Merit. The affidavit must be filed "no later than ninety days after filing the petition," and it must aver that the plaintiff has obtained the opinion of a "legally qualified

health care provider" stating that "the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure . . . directly caused or directly contributed to cause the damages claimed in the petition." Mo. Rev. Stat. § 538.225.1, 5.

Defendant asserts that Plaintiff missed the 90-day deadline, and the Court must therefore dismiss his Complaint without prejudice. Doc. [14] at 3. Moreover, because Plaintiff failed to seek an extension of the deadline before it expired, Plaintiff is unable to seek an extension after the fact; that is, an extension "must be sought and obtained" during the initial 90-day period. *Id.* at 2. The result, Defendant argues, is mandatory dismissal. *Id.* at 3. Plaintiff raises three arguments in opposition. Doc. [19]. First, he asserts that Missouri's Affidavit of Merit requirement is a state procedural rule such that it does not apply in federal actions. Second, to the extent the requirement does apply, he argues that he has substantially complied with the requirement because he submitted "substantial evidence supporting his claims." Third, in the alternative, Plaintiff requests an extension of time to file the required affidavit. None of these contentions provides a basis for the Court to deny Defendant's motion.

The Court begins with Plaintiff's first argument. Plaintiff is correct that federal courts are bound to apply federal procedural law and state substantive law when, as here, they sit in diversity, *see Hanna v. Plumer*, 380 U.S. 460, 465 (1965), but courts have long held that affidavit-of-merit requirements—like the one imposed by the State of Missouri—are substantive in nature and must be applied. *See, e.g.*, *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 263–65 (3d Cir. 2011) (holding that Pennsylvania's 60-day

2

affidavit requirement was substantive and therefore applicable in federal diversity actions); *Trierweiler v. Croxton & Trench Holding Corp.* 90 F.3d 1523, 1538–39 (10th Cir. 1996) (Colorado); *Smith v. Planned Parenthood*, 225 F.R.D. 233, 242 (E.D. Mo. 2004) (Missouri); *but see Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) (Easterbrook, J.) (declining to apply an Illinois affidavit requirement that required attaching an affidavit at the *time of filing* such that it conflicted with the pleading requirements of Federal Rule of Civil Procedure 8). Therefore, the Court must apply § 538.225 to Plaintiff's medical negligence case.

Plaintiff next argues that the Court should deny Defendant's motion because Plaintiff has substantially complied with the statute's requirements. This argument is without merit because Plaintiff has not done so. Although Missouri courts have countenanced substantial compliance with § 538.225, *see Ferder v. Scott*, 556 S.W.3d 100, 101–03 (Mo. Ct. App. 2018) (considering but ultimately rejecting substantial-compliance arguments under the factual circumstances); *see also Giudicy v. Mercy Hosps. E. Cmtys.*, 645 S.W.3d 492, 502 (Mo. banc 2022) ("To the extent substantial compliance with section 538.225 is possible, [plaintiff] failed to substantially comply."), such compliance requires a party "to file, at the very least, the required information with the trial court," *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 272 (Mo. banc 2014).

In other words, substantial compliance in this context allows litigants—at most—some leeway in terms of form but not in terms of substance. *See, e.g.*, *Cook v. Parkland Health Center*, 674 S.W.3d 65, 72 (Mo. Ct. App. 2023) (finding an unsigned affidavit "wholly ineffective" such that substantial compliance did not apply); *compare Ferder*, 556

3

S.W.3d at 104 (explaining that litigants did not substantially comply where they "failed to abide by the most elemental requirements of the statute: the actual filing of an affidavit containing the opinion of a qualified provider that [their] claim was not frivolous"), *with Roberson v. SSM Health Care St. Louis*, 4:23-cv-01400-MTS, 2024 WL 1741200, at *3 (E.D. Mo. Apr. 23, 2024) (finding substantial compliance where plaintiff filed an affidavit with all necessary components but was "technically deficient in that it fail[ed] to use the language provided within the statutory requirements and failed to list a specific address"). With these principles in mind, Plaintiff's submissions fall far short of what is needed for the Court to find substantial compliance in this case. *See* Doc. [19] at 3 (directing the court to medical records, other documents, and the declaration of an individual who merely "works in a medical setting").

Lastly, and in the alternative, Plaintiff requests additional time to comply with the affidavit requirement. Doc. [19] at 3. He seeks an additional 30 days because "[c]ourts routinely permit late filings in the interest of justice." *Id.* But on the record before it, the Court cannot grant Plaintiff the extension he seeks. As an initial matter, the Court doubts that it has the ability to grant an extension of time under these circumstances; namely, where plaintiff has failed to file the required affidavit, and defendant has moved to dismiss prior to plaintiff's request for more time, *see SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. Ct. App. 2007) ("The language in section 538.225.5–6 is clear and unambiguous. . . [I]f a party files a motion to dismiss for failure to file a health care affidavit, and a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice.").

4

But even if the Court could do so, the Court would not grant an extension here because the statute only permits additional time upon a showing of good cause, Mo. Rev. Stat. § 538.225.5, and Plaintiff's opposition papers contain no argument at all on this score. Plaintiff thus makes no showing from which the Court might conclude that there is good cause to grant him an extension.[*] Indeed, Plaintiff says only that "[he] respectfully requests 30 days to file an affidavit if required." Doc. [19] at 3. Without any additional showing, Plaintiff's bare request is insufficient. *See Howard v. SSM St. Charles Clinic Med. Grp.*, 364 S.W.3d 242, 245 (Mo. Ct. App. 2012) ("Finding no excuses on the record, Plaintiff's request to extend time to file an affidavit does not constitute good cause."). "As such, § 538.225 requires the dismissal of this action without prejudice." *Fischer v. N & R of New Madrid, LLC*, 1:24-cv-00025-SNLJ, 2024 WL 4368212, at *1 (E.D. Mo. Oct. 1, 2024).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [13], is **GRANTED**. A separate Order of Dismissal Without Prejudice will be entered herewith.

Dated this 6th day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff's pro se status, standing alone, is insufficient. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").